UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RESHAY FLORENCE, individually

    Plaintiff,

v.                                                     Case No.:  2:20-cv-226-FtM-38NPM

FORD MOTOR COMPANY and
HAPPY DAYZ AUTO SALES, INC.,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Reshay Florence's Motion to Remand (Doc. 11) and Defendant Ford Motor Company's Response in Opposition (Doc. 19). For these reasons, the Court grants the Motion.

This is a Takata airbag case. Florence was driving her boyfriend's car and crashed. The airbag went off, causing serious injuries. In state court, Florence sued three parties: (1) Ford (who made the car); (2) Defendant Happy Dayz Auto Sales, Inc. (a used car dealer that sold the car); and (3) Javier Mejia (the other driver). Ford removed on diversity grounds. According to Ford, Florence fraudulently joined Happy Dayz. Florence disagrees and moves to remand for lack of subject-matter jurisdiction.

Florence's claim against Happy Dayz is for negligence. When it sold the car, there was an open recall for the airbag. So Florence alleges Happy Dayz had a duty to repair the recall or warn her boyfriend about it.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The removing party must prove diversity jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). To have diversity, the parties must be completely diverse with an amount in controversy over $75,000. 28 U.S.C. § 1332(a). At issue is the parties' citizenship. Both Florence and Happy Dayz are Florida citizens. So the parties are not completely diverse, and the Court must remand unless an exception (like fraudulent joinder) applies. *Stillwell v. Allstate Ins.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

Despite the lack of diversity, a defendant may remove if the nondiverse defendant was fraudulently joined. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Ford contends only one type of misjoinder applies: "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell*, 663 F.3d at 1333 (citation omitted).

Federal courts must be careful, however, because "[t]his standard differs from the standard applicable to a 12(b)(6) motion to dismiss." *Id.* While the familiar *Twiqbal* test demands plausibility, "all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'" *Id.* (quoting *Triggs*, 154 F.3d at 1287). The claim here arises under state law. So the Court "must necessarily look to the pleading standards applicable in state court" to decide "whether it is possible that a state court would find that the compliant states a cause of action." *Id.* at 1334.

The removing party bears the burden to make a fraudulent joinder showing by clear and convincing evidence. *Id.* at 1332. That burden "is a heavy one." *Crowe v. Coleman,*

2

113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted). To decide fraudulent joinder, a court considers "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). And all factual allegations and uncertainties about state law are taken in a light most favorable to plaintiff. *Id.*

In Florida, to "survive a motion to dismiss, a complaint must allege 'sufficient ultimate facts' showing entitlement to relief." *Stein v. BBX Capital Corp.*, 241 So. 3d 874, 876 (Fla. Dist. Ct. App. 2018) (citation omitted). Courts take "the facts alleged as true," "make all reasonable inferences in favor of the pleader," and consider "conclusory allegations [as] insufficient." *Id.* Negligence requires duty, breach, causation, and damages. *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). Only the duty of care element is at issue. A duty "is a minimum threshold legal requirement that opens the courthouse doors . . . and is ultimately a question of law for the court." *Williams v. Davis*, 974 So. 2d 1052, 1056 n.2 (Fla. 2007). Legal duties may arise from (1) statute or regulation; (2) judicial interpretation of statute or regulation; (3) case law; or (4) "the general facts of the case." *Wallace v. Dean*, 3 So. 3d 1035, 1047 (Fla. 2009).

Ford contends that because Happy Dayz provided a "Buyer's Guide" and sold the car "as is" without a warranty, it had no duty to perform the recall or warn Florence's boyfriend about it. Further, says Ford, the Buyer's Guide included language advising the buyer to search for open recalls. Ford points to Federal Trade Commission ("FTC") rules requiring used car dealers to affix a Buyer's Guide containing certain information to a car window before sale. 16 C.F.R. § 455.2-455.3. Those rules protect buyers from deceptive

and unfair trade practices—preventing used car dealers from misrepresenting the condition or warranty of a car. 16 C.F.R. § 455.1.

Yet Ford has not directed the Court to anything suggesting the FTC rules, Buyer's Guide, or as-is language act as some sort of affirmative defense to a state-law negligence claim. Perhaps these would preclude liability for claims like breach of warranty, fraud, deceptive trade practices, or negligent misrepresentation. *But see White v. Ferco Motors Corp.*, 260 So. 3d 388 (Fla. Dist. Ct. App. 2018) (allowing those claims to proceed to trial even though the used car dealer provided a Buyer's Guide disclaiming all warranties and selling the car "as is").[2] It is not dispositive though on the separate question of whether Happy Dayz can be liable for simple negligence.

Florence directs the Court to one helpful case: *Knipp v. Weinbaum*, 351 So. 2d 1081 (Fla. Dist. Ct. App. 1977). There, plaintiff bought a used motorcycle "as is." *Id.* at 1083. A couple of hours later, the back axle broke on the highway. *Id.* Plaintiff sued for breach of warranty, negligence, and strict liability. *Id.* The court drew a careful distinction between an as-is provision's effect on breach of warranty and negligence claims:

> Even if the "as is" term were to be found to negate liability under the causes of action in warranty, an issue by no means settled, the absence of warranties in the sale of chattel does not necessarily preclude liability for negligence. On the contrary, in the instant situation, the "as is" disclaimer serves to add another dimension to the negligence claim, for its effect on the evidence presented may be substantial, especially on the question of whether or to what degree the defendant owed a duty to plaintiff. . . . There remain disputed facts as to the degree of care exercised by defendants and the degree of care required of them.

---

[2] While not determinative, the Court notes the bill of sale here includes an identical provision to the one the Third DCA relied on in part to allow those claims to proceed. (Doc. 11-1 at 2); *Ferco*, 260 So. 3d at 391.

4

*Id.* at 1085-86 (internal citations omitted). In short, *Knipp* rejects Ford's argument that "as is" language bars recovery for negligence against a used car dealer in Florida. On this question, *Knipp* appears to be the "only Florida court to address how an 'as is' disclaimer impacts a seller's duty of care." Jeffrey A. Grebe, *What is "As Is" in Florida?*, 30 Stetson L. Rev. 875, 916-17 (2001). At least one other case followed *Knipp*'s lead though—analyzing the effect of a used car as-is provision on a breach of warranty claim, but not applying it as a complete defense to negligence. See *Masker v. Smith*, 405 So. 2d 432, 433-34 (Fla. Dist. Ct. App. 1981). And again, Ford does not point to any part of the FTC rules or corresponding case law creating a defense for negligence.

Even if the FTC rules are controlling on some legal duties, they do not reveal all the state-law duties used car dealers owe to customers. Like Florence notes, a duty of care may arise from precedent or the facts of a case. *Wallace*, 3 So. 3d at 1047. The Complaint alleges Happy Dayz had a duty to repair the recall and warn about it. Also, read most favorably to Florence, the Complaint alleges Happy Dayz owed a duty to inspect the car. (Doc. 3 at 42 ("[B]y undertaking to offer the [car] for sale, HAPPY DAYZ owed a duty to ensure that the [car] was safe and fit for use on the roadways.")). So Florence states other duties (unrelated to the FTC rules and as-is language) that could possibly get her past the pleading stage.

One Florida case left unresolved what duties used car dealers owe to customers:

> Whatever may be the duty of a used car dealer to inspect a vehicle prior to sale for defects which could or might be discovered by reasonable and customary inspection, a point not before us and therefore one which we do not decide, we are not aware of any duty on such dealer to discover latent defects which by their very nature could not be discovered by a reasonable and customary inspection.

*Masker*, 405 So. 2d at 433-34.  An argument might be had over whether a reasonable inspection would discover the recall.  But the parties did not brief that issue, and the Court will not make argument on their behalf.  The issue is whether Florence could possibly state a claim, not whether she will succeed.  *Crowe*, 113 F.3d at 1538 ("[F]ederal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.").  And every doubt about state law is resolved for Florence. *Id.*  Some Florida law suggests a negligent failure to inspect or warn claim based on a latent defect can survive the pleading stage.  See *Lesnik v. Duval Ford, LLC*, 185 So. 3d 577, 581 (Fla. Dist. Ct. App. 2016) (granting summary judgment for a used car dealer because there was no evidence it violated its duty of care or knew about any defects after a reasonable inspection).  When faced with an unsettled issue of whether a repair shop had the duty to inspect for, and warn a plaintiff about, Takata airbags, one court found there was at least a possibility the state court could find a duty.  *Mincey by and through Sims v. Am. Honda Motor Co.*, No. 3:15-cv-847-J-39MCR, 2015 WL 12844400, at *6 (M.D. Fla. Aug. 25, 2015) (rejecting fraudulent joinder and remanding).  Given the lack of clarity and legal standard, the Court must come to a similar conclusion.

So without opining on the merits, the Court concludes there is a possibility the state court could find Florence stated a negligence claim against Happy Dayz.  Ford calls the Motion a "Hail Mary."  (Doc. 19 at 4).  But it misunderstands the down, distance, and which team has the ball.  Ford bears a "heavy burden" to show clearly and convincingly Florence fraudulently joined Happy Dayz and cannot possibly state a claim.  Because Ford fumbled that burden, the Court must remand for lack of subject-matter jurisdiction. *E.g.*, *Stillwell*, 663 F.3d at 1334-35.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**.

2. The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is **DIRECTED** to terminate any deadlines or pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of April, 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record